**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE S. BRADFORD (#S-11552), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 8112 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| WEXFORD HEALTH SOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $2.53 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Court instructs the Clerk to mail a copy of this order to the trust account supervisor at the Western Illinois Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for attorney representation [4] is granted. The Court requests that Mark L. Rotert / Stetler, Duffy & Rotert, Ltd. / 10 South LaSalle, Suite 2800 / Chicago, Illinois 60603 / (312) 338-0214 / mrotert@ sdrlegal.com represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to plaintiff's counsel filing an amended complaint by September 26, 2016, assuming counsel can do so consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure.

**STATEMENT**

Plaintiff Cleve Bradford, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, correctional officials and health care providers at the Stateville Correctional Center, violated plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, plaintiff contends that he was denied timely access to a dentist even though he was suffering excruciating pain, and that when he finally saw prison dentists, he received inadequate care and treatment.

Plaintiff's application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. §§ 1915(b)(1) and (2), the Court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $2.53 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where

plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

## Facts

Plaintiff alleges the following facts, assumed true for purposes of the Court's threshold review: On December 11, 2014, plaintiff filled out a medical request form asking to be seen in the prison health care unit because his gums were swollen and he was experiencing severe pain in his jaw. In ensuing days, plaintiff asked health care providers making their rounds for assistance, filed grievances, and submitted a second medical request, all to no avail.

On January 5, 2015, plaintiff finally saw a dentist. After examining x-rays of plaintiff's mouth, the dentist advised him that a wisdom tooth needed to be extracted. The dentist provided no pain medication to ease plaintiff's suffering in the interim.

On February 10, 2015, defendant Craig, a prison dentist, pulled plaintiff's tooth. Craig caused "excruciating pain" during the thirty-minute procedure by wrenching the tooth back and forth, as well as tearing the corners of plaintiff's lips. After Craig was finished, he informed plaintiff that a root tip was still embedded in his jaw. Craig took another x-ray and advised

plaintiff that the rest of the tooth would work its way out on its own. Craig prescribed Motrin for pain as well as the antibiotic Penicillin.

Over the next several days, plaintiff alerted medical technicians who were passing out medication that he was experiencing "excruciating, throbbing pain," and that he was unable to eat, drink or sleep since the extraction. On the third day, defendant Lydia, a nurse, provided him with Motrin. Plaintiff told her that he was already taking Motrin and that it was not alleviating his pain, but she responded that a doctor would have to prescribe anything stronger.

On February 16, 2015, a visitor reported plaintiff's condition to an officer. Plaintiff was escorted to the health care unit, where he was again given Motrin. Even though plaintiff had only consumed broth over the past six days, the doctor refused to authorize a stronger pain medication until a dentist examined plaintiff.

The next day, another prison dentist (defendant Mitchell) prescribed Motrin and a muscle relaxer notwithstanding plaintiff's insistence that Motrin did nothing to dull the pain. Mitchell repeated that plaintiff would have to live with the pain until the tooth came out. A week later, Mitchell prescribed more Penicillin and referred plaintiff to an outside oral surgeon.

On February 26, 2015, an outside surgeon examined plaintiff, took his own x-rays, and determined that two root tips were sitting on top of a nerve. The surgeon remarked, "Wow, that must really hurt," and expressed shock that plaintiff had only been given Motrin for his pain. The surgeon ordered Tylenol 3 for plaintiff.

## Analysis

Accepting plaintiff's factual allegations as true, the Court finds that the complaint states a colorable federal cause of action. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). "[D]ental care is one of the most important medical needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (citations omitted). Furthermore, the concept of deliberate indifference encompasses needlessly prolonging an inmate's pain. *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012). The fact that a prisoner received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), or by "woefully inadequate action," *Cavalieri v. Shepherd*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all. It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno*, 414 F.3d at 653. Nevertheless, plaintiff's allegations of deliberate indifference to his condition state a plausible claim for relief under 42 U.S.C. § 1983.

Accordingly, plaintiff may proceed on his claims. Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that defendants may advance in response to plaintiff's allegations.

Due to the difficulty of litigating medical claims *pro se*, plaintiff's motion for attorney representation is granted. The Court hereby requests that Mark L. Rotert / Stetler, Duffy & Rotert, Ltd. / 10 South LaSalle, Suite 2800 / Chicago, Illinois 60603 / (312) 338-0214 / mrotert@sdrlegal.com represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, counsel should file an amended complaint by the above deadline. If counsel is unable to file an amended complaint consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure, he should so inform the Court.

**SO ORDERED.**                                    **ENTERED: August 22, 2016**

                                                   _____
                                                   **JORGE L. ALONSO**
                                                   **United States District Judge**