IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE S. BRADFORD, | ) | |
| | ) | No. 16-CV-08112 |
| Plaintiff, | ) | |
| vs. | ) | The Honorable Jorge L. Alonso |
| | ) | |
| SALEH OBAISI, M.D., F.A. CRAIG, | ) | |
| D.D.S., J.F. MITCHELL, D.D.S. and | ) | |
| WEXFORD HEALTH SOURCES, INC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
SALEH OBAISI, M.D., F.A. CRAIG, D.D.S, AND WEXFORD HEALTH SOURCES,
INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COME Defendants, SALEH OBAISI, M.D., F.A. CRAIG, D.D.S, and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, BOLLINGER CONNOLLY KRAUSE, LLC, and for their memorandum of law in support of their Federal Rule 12(b)(6) motion to dismiss Plaintiff's Third Amended Complaint (Dkt. 50-1), hereby state as follows:

**I.  INTRODUCTION**

Plaintiff, Cleve S. Bradford ("Plaintiff"), an inmate within the Illinois Department of Corrections ("IDOC"), has filed a two-count Third Amended Complaint (Dkt. 50-1). Count I is directed against all Defendants pursuant to 42 U.S.C. § 1983, claiming that Defendants were deliberately indifferent to Plaintiff's medical and dental needs. Count II is also alleged against all Defendants and asserts a *Monell* claim based on alleged various unconstitutional policies and practices.

With respect to Count I, Defendant Saleh Obaisi, M.D. (hereinafter "Dr. Obaisi") moves for dismissal based on failure to adequately plead that he was deliberately indifferent to Plaintiff's

medical and dental needs. Wexford similarly moves for dismissal of Count I because there is no vicarious liability under Section 1983 and there are no allegations that Wexford was personally involved in the actions which gave rise to the alleged deliberate indifference. Count II is not properly asserted against individual Defendants Dr. Obaisi and Dr. Craig and, therefore, must be dismissed as to them.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). When ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. In testing the legal sufficiency of the complaint, conclusions of law or unwarranted inferences are not admitted. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). A party "can plead himself out of court by unnecessarily alleging facts which . . . demonstrate that he has no legal claim." *Id*. Further, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *See Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981).

## III.  ARGUMENT

### A.  Count I fails to adequately plead a Section 1983 claim against Dr. Obaisi and Wexford.

#### 1.  <u>Count I does not plead sufficient facts to establish a claim for deliberate indifference against Dr. Obaisi.</u>

The allegations directed at Dr. Obaisi, specifically, are insufficient to establish a deliberate indifference claim. To establish deliberate indifference against an individual defendant, the

2

plaintiff must prove: (1) the existence of a serious medical need or risk; (2) that the defendant was subjectively aware of the serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's serious medical need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Generally, a plaintiff must establish that a defendant actually knew (independently and subjectively) that the plaintiff required treatment for a serious medical need or risk but nevertheless purposely and deliberately withheld such treatment. *See Sellers*, 41 F.3d at 1102 [emphasis added].

The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) [emphasis added]. The Seventh Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The deliberate indifference standard imposes a "high hurdle on plaintiffs because it requires a showing as something approaching a *total unconcern* for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821-822 (7th Cir. 2012). To show personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they may see." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988). The defendant must have either directed the conduct causing the constitutional violation or allowed it to occur with his knowledge or consent. *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001).

Critically, deliberate indifference may only be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996); see *Collingnon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). A defendant's response to a serious medical need must be so plainly inappropriate as to permit such an inference. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A medical professional is "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (emphasis added).

In the "Factual Background" section of Plaintiff's Third Amended Complaint, Plaintiff provides a timeline of events that he alleges caused his injury. (*See* Dkt. 50-1). Plaintiff alleges that Dr. Obaisi is the Director of Medical Affairs for Wexford and supervises the provision of medical services. (*Id.* at ¶ 10). There are no allegations that Dr. Obaisi treated Plaintiff at any time. Instead, Plaintiff alleges that Dr. Obaisi was deliberately indifferent to Plaintiff's medical or dental needs because when Plaintiff requested a stronger pain medication, Dr. Obaisi allegedly "sent word that no other prescription for pain relief would issue until plaintiff was again examined by a dentist." (*Id.* at ¶ 26). Furthermore, Plaintiff alleges that Dr. Obaisi failed to review Plaintiff's medical records after being told that he was suffering from intense pain (*Id.* at ¶ 27) and refused to review x-rays of Plaintiff's jaw (*Id.* at ¶ 28). Notably, there are no dates alleged as to when any of these events occurred.

Plaintiff makes boilerplate, conclusory statements of alleged deliberate indifference throughout Count I of his Third Amended Complaint, and the allegation that Dr. Obaisi "knowingly failed to examine plaintiff or prescribe medications sufficient to alleviate his pain"

4

cannot possibly be construed so as to rise to the level of deliberate indifference. First, Plaintiff correctly alleges that Dr. Obaisi is a physician and is not a dentist. (*Id.* at ¶ 10). Dr. Obaisi could not have acted with deliberate indifference for failure to treat Plaintiff or review dental records and x-rays where he, as supervisor, deferred to the dentists to determine the appropriate course of treatment for Plaintiff. Failure to review records is at most negligence, but is not considered deliberate indifference. *See Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (holding that jail personnel's failure to review logbooks would be characterized as negligence, which is insufficient to constitute deliberate indifference); *see also, Green v. Wexford Health Sources, Inc.*, 2016 U.S. Dist. LEXIS 41521 at *43 (stating, in dicta, that a nurse's failure to review a prisoner's medical records and diagnose or test for a condition was negligence, but would not permit a jury to conclude deliberate indifference).

Moreover, requiring a dental examination before issuing different or stronger medications is a reasonable course of action that cannot be construed as deliberate indifferent to a prisoner's medical needs. This falls directly under a 'classic example of matters for medical judgment,' and is beyond the Constitution's purview. *Snipes v. DeTella*, 95 F. 3d 586, 591 (7th Cir. 1996). On their face, the allegations involving Dr. Obaisi do not rise to a level of deliberate indifference that is required for Plaintiff to withstand a motion to dismiss. Plaintiff has not met his pleading burden under *Twombly* to state a deliberate indifference claim against Dr. Obaisi and Count I of Plaintiff's Third Amended Complaint against him must be dismissed.

> 2. <u>Count I cannot stand against Wexford, an entity, where there is no *respondeat superior* liability under Section 1983 and Plaintiff has not asserted any allegations of personal involvement of Wexford.</u>

Count I also fails with respect to Wexford because Plaintiff also cannot sue Wexford individually for the acts/omissions of its agents or employees and there are no allegations of

personal involvement of Wexford. There is no *respondeat superior* liability for Section 1983 actions against private corporations. *Delgado v. Ghosh*, No. 11-CV-05418, 2016 U.S. Dist. LEXIS 9116, 2016 WL 316845, at *5 (N.D. Ill. Jan. 27, 2016) (citing *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). In the Seventh Circuit, "a private corporation cannot be held liable under Section 1983 unless it maintained an unconstitutional policy or custom." *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015). While the Seventh Circuit has expressed skepticism about the wisdom of this rule, it has nevertheless squarely confirmed it. *Griffin v. Wexford Health Sources, Inc.*, No. 14 C 2906, 2016 U.S. Dist. LEXIS 122682, at *11 (N.D. Ill. Sep. 9, 2016) citing *Shields v. Illinois Department of Corrections*, 746 F.3d 782, 789, 790-93 (7th Cir. 2014). Accordingly, Plaintiff's allegations against Wexford are misdirected under the applicable law. To the extent that Plaintiff improperly attempts to allege that Wexford can be liable based on the alleged wrongful conduct of its employees or agents, Wexford must be dismissed from Count I.

Moreover, Plaintiff cannot sue Wexford individually. Liability may only attach under 42 U.S.C. § 1983 for a defendant's personal acts or decisions. *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("[T]o be liable under Section 1983, an individual defendant must have personally caused or participated in a constitutional deprivation"). More simply, "individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Palmer* v. *Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (quoting *Kelly* v. *Mun. Courts of Marion County*, 97 F.3d 902, 909 (7th Cir. 1996)). Here, Plaintiff has not alleged any specific acts of wrongdoing on the part of Wexford, individually. The alleged actions of Dr. Obaisi and Dr. Craig are not sufficient to show personal involvement of Wexford. Therefore, Count I of Plaintiff's Third Amended Complaint against Wexford must be dismissed.

B. **Count II must be dismissed with respect to Dr. Obaisi and Dr. Craig because *Monell* does not provide a cause of action against individuals.**

Count II is misdirected at Defendants Dr. Obaisi and Dr. Craig because individuals cannot be held liable under *Monell*. A private company may be held liable for deliberate indifference pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Clearly, the heading of Count II in Plaintiff's Third Amended Complaint states that he is attempting to assert a *Monell* claim against all four Defendants in this case, which includes Wexford as an entity and three individual providers. The *Monell* claim against the individual providers may not stand and, accordingly, must be dismissed with respect to Dr. Obaisi and Dr. Craig.

C. **The group pleading in Plaintiff's Third Amended Complaint is impermissible and leaves Defendants without knowledge of the claims specifically against them.**

Despite naming four Defendants in the caption and including a description of the parties in his Third Amended Complaint (Dkt. 50-1), Plaintiff's allegations generally refer to "Defendants" throughout both Counts I and II and do not delineate the alleged wrongful conduct of each Defendant. This "group pleading" is not sanctioned by F.R.C.P. 8(a). "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003), *quoting Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). Plaintiff's Third Amended Complaint groups the allegations of both Counts against all four Defendants collectively, which does not provide notice to each Defendant, specifically, as to the claims against them. This is impermissible pleading and warrants dismissal of the complaint on its own despite the substantive inefficiencies laid out above.

## IV.    CONCLUSION

Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted and, accordingly, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Count I fails with respect to Dr. Obaisi because there are no allegations that support a cause of action for deliberate indifference where failure to review records is negligence, at best, and refusal to provide a different or stronger prescription without an additional dental examination is a medical judgment outside the realm of constitutional rights.  Count I also fails with respect to Wexford because there is no *respondeat superior* liability under Section 1983 and there are no allegations that would show personal involvement of Wexford.  Finally, Plaintiff's *Monell* claim in Count II of his Third Amended Complaint may not stand against Dr. Obaisi and Dr. Craig and, accordingly, those two Defendants must be dismissed.  Even if Plaintiff could withstand the substantive arguments set forth herein, the impermissible group pleading would be a basis alone for dismissal as it leaves each Defendant to guess which allegations are specifically asserted against them.

WHEREFORE, for the above and foregoing reasons, Defendants, SALEH OBAISI, M.D., F.A. CRAIG, D.D.S., and WEXFORD HEALTH SOURCES, INC., pray that this Honorable Court grant their Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 50-1) and dismiss them from the Counts as outlined above, and for such other relief the Court deems just and appropriate.

    Respectfully Submitted,

    SALEH OBAISI, M.D., F.A. CRAIG, D.D.S. and
    WEXFORD HEALTH SOURCES, INC.

    By:    /s/ Samantha J. Yozze
    Attorney for Defendants

Robert S. Tengesdal (#6288650)
Samantha J. Yozze (#6314326)
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street, Suite #2430
Chicago, IL 60661
Ph: (312) 253-6200

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2017, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/EFC system.

By: /s/ Samantha J. Yozze

10