IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEVE S. BRADFORD,<br><br>    Plaintiff,<br><br> v.<br><br>SALEH OBAISI, M.D., F.A. CRAIG, D.D.S., J.F. MITCHELL, D.D.S., and WEXFORD HEALTH SOURCES, INC.,<br><br>    Defendants. | Case No. 1:16-CV-08112<br><br>Judge Jorge L. Alonso |

**PLAINTIFF CLEVE S. BRADFORD'S RESPONSE TO DEFENDANTS OBAISI, CRAIG, AND WEXFORD HEALTH SOURCE, INC.'S MOTION TO DISMISS <u>PLAINTIFF'S THIRD AMENDED COMPLAINT.</u>**

Plaintiff Cleve S. Bradford submits this Response to the Motion to Dismiss filed by defendants Dr. Saleh Obaisi, M.D., Dr. F.A. Craig, D.D.S., and Wexford Health Sources, Inc. (Docket Number 55), and to the Memorandum of Law filed by defendants in support of that Motion (Docket Number 56) (hereafter, "Def. Mem.").

**I. Defendants' Motion Should Be Granted In Part.**

Plaintiff, acting through his court-appointed counsel, filed his Third Amended Complaint with leave of Court on April 1, 2017 (Dkt. 50). Previous iterations of the Complaint filed by plaintiff alleged a single-Count violation of 42 U.S.C. § 1983 on the part of four defendants: Dr. Obaisi, Dr. Craig, Dr. Mitchell, and the entity Wexford Health Sources, Inc. Defendants moved to dismiss those complaints on various grounds and plaintiff sought and obtained leave to amend his Complaint.

Plaintiff's Third Amended Complaint for the first time alleged two (2) Counts: Count One alleged a violation of Section 1983 and Count Two alleged a claim for Section 1983 relief under the principles of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). All four defendants were named as party defendants to each Count of the Third Amended Complaint.

Defendant Wexford Health Sources, Inc. now moves that it should be dismissed as a defendant to Count One of the Third Amended Complaint. Defendant Wexford correctly notes that, under the current state of the law in this Circuit, liability for a civil rights violation may not be imposed on a corporate entity pursuant to the doctrine of *respondeat superior*. Def. Mem. at 5-6. Plaintiff acknowledges that this is the existing state of the law but he nevertheless objects to dismissal of defendant Wexford from Count One. There are compelling reasons to question the principle that corporate entities should be insulated from liability for the misconduct of their employees in the area of civil rights violations, and that existing tenet of law now should be discarded. *See Shields v. Illinois Dep't of Corrections,* 746 F. 3d 782, 789-796 (7th Cir. 2014) (surveying the origins of the tenet and concluding that, at least for purposes of private corporations which provide health care services to prisoners, "a new approach may be needed" in this area). This case provides an appropriate opportunity to jettison the illogical principle that a corporate entity can escape liability for the misconduct of its employees, so long as that misconduct victimizes prison inmates instead of other victims.

Defendants Dr. Obaisi and Dr. Craig also ask that they be dismissed from Count Two of the Third Amended Complaint because *Monell* does not provide a cause of action against individual actors. Def. Mem. at p. 7. Plaintiff concedes that defendants are correct in this assertion and he agrees that both Dr. Obaisi and Dr. Craig should be dismissed as party defendants to Count Two of the Third Amended Complaint. Further, although defendant Dr.

2

Mitchell has not requested such relief, the same principle applies equally to that individual defendant and she likewise should be dismissed as a defendant in Count Two of the Third Amended Complaint.

## II. In All Other Respects, Defendants' Motions To Dismiss Should Be Denied.

Defendants assert that the Third Amended Complaint contains inadequate factual detail and that its allegations are insufficient to demonstrate deliberate indifference to the medical needs of plaintiff. The eighteen (18) individual paragraphs of factual allegations found in the Third Amended Complaint belie these arguments, and the pending Complaint carefully outlines the conduct undertaken by each defendant that gives rise to this cause of action. Third Amended Complaint, ¶s 16 through 33. This is sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendants' motion to dismiss is based almost exclusively on cases discussing the standards of proof that obtain when a court considers a motion for summary judgment in a Section 1983 case, or on direct appeal from a trial verdict in such cases. *See Rosario v. Brown,* 670 F. 3d 816, 821-22 (7th Cir. 2012) (summary judgment issue in case involving prisoner suicide); *Jones v. City of Chicago,* 856 F. 2d 985, 992-93 (7th Cir. 1988) (appeal from trial verdict); *Chavez v. Illinois State Police,* 251 F. 3d 612, 652 (7th Cir. 2001) (summary judgment case); *Estate of Cole v. Pardue,* 94 F. 3d 254, 261-62 (7th Cir. 1996) (summary judgment case); *Collingnon v. Milwaukee County,* 163 F. 3d 982, 989 (7th Cir. 1998) (same); *Hayes v. Snyder,* 546 F. 3d 516, 524 (7th Cir. 2008) (same); *Sain v. Wood,* 512 F. 3d 886, 894 (7th Cir. 2008)

3

(same); *Boyce v. Moore,* 314 F. 3d 884, 889 (7th Cir. 2002) (same); *Green v. Wexford Health Sources, Inc.,* 2016 U.S.Dist. LEXIS 41521 at *43 (summary judgment); and *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996 (same). None of those cases speak to the pleading requirements for Section 1983 cases. The single case cited by defendants that does address pleading standards is *Estelle v. Gamble,* 429 U.S. 97 (1976), a case distinguishable on its facts. In *Gamble* the plaintiff was seen by medical personnel on at least seventeen (17) occasions over a three-month span, during which he was provided treatment for an array of medical issues. 429 U.S. at 292-93. His assertion that one particular x-ray was not ordered during any of those visits was considered by the Court to be a "classic example of a matter for medical judgment." *Id.*

Here, by contrast, plaintiff's Third Amended Complaint outlines an extensive period during which he was not seen by medical personnel at all or, when he was seen, he was in the hands of health care providers who acted with deliberate indifference to his obvious pain and suffering. Thus, while it may be true that a physician is "entitled to deference in treatment decisions" (Def. Mem. at 4, quoting *Sain v. Wood, supra,* 512 F. 3d at 894-95) the defendants can offer no authority that a failure to provide any treatment also should receive such deferential consideration.

In particular, defendant Dr. Obaisi urges that he should be dismissed as a defendant because he "is a physician and is not a dentist." Def. Mem. at 5. But plaintiff's allegations against Obaisi do not allege that he failed to function properly as a dentist. They instead allege that he was notified about a patient inmate who was suffering severe and debilitating pain, yet Dr. Obaisi refused to do so much as talk to the patient or prescribe a more effective form of pain reliever. *See* Third Amended Complaint at ¶s 25 through 28. Dr. Obaisi is identified in the Complaint as the Director of Medical Affairs at Stateville Correctional Center (*id. at* ¶ 10) and it

cannot be maintained that his position as a Medical Director did not entail a role in providing medical assistance to inmates suffering intense pain, whether that pain arose from a dental issue, a broken bone, or any other physical malady.

Thus, it is ineffective for Dr. Obaisi to suggest that he is being accused of a failure "to review dental records and x-rays" (Def.Mem. at 5). A reading of the Third Amended Complaint makes clear that Dr. Obaisi is not named as a defendant because he "deferred to the dentists to determine the appropriate course of treatment for plaintiff." *Id.* Dr. Obaisi was not asked to evaluate plaintiff's dental treatment and he was not asked for a second opinion about dental procedures. The request put to him was straightforward: a patient inmate was experiencing excruciating pain and the Medical Director was asked to help alleviate that pain. Dr. Obaisi undertook no evaluation and made no effort to learn more facts, he simply acted (or, more accurately, failed to act) out of patent and deliberate indifference. As the Seventh Circuit has observed, a physician who has never examined or treated an inmate patient still may be liable in a Section 1983 suit if his inaction resulted in the unnecessary infliction of pain to the patient inmate. *McGowan v. Hulick,* 612 F. 3d 636, 641 (7th Cir. 2010).

Last, defendants complain that the Third Amended Complaint indulges in "group pleading" such that they cannot tell which claims are specifically asserted against each of them. Def. Mem. at 7-8. The Third Amended Complaint, however, carefully delineates the conduct of each named defendant. The factual allegations against Dr. Craig are set forth in paragraphs 20 through 23. The factual allegations against Dr. Obaisi are set forth at paragraphs 25 through 28. The factual allegations against Dr. Mitchell are set forth at paragraphs 29 and 30. The factual allegations against Wexford Health Sources, Inc. are set forth at paragraph 35. All these allegations combine to constitute the cause of action asserted against "all defendants" because

5

each defendant played a role in violating plaintiff's constitutional rights. But each defendant also can discern from the Third Amended Complaint which specific acts or omissions by that defendant give rise to his or her individual liability. The Federal Rules require nothing more.

WHEREFORE, plaintiff Cleve S. Bradford respectfully requests that this Court deny the Motion to Dismiss filed by defendants Obaisi, Craig and Wexford Health Sources, Inc.

Dated: May 9, 2017                               Respectfully submitted,

                                                 CLEVE S. BRADFORD

                                                 By: s/ Mark L. Rotert
                                                 *His Attorney*

                                                 Mark L. Rotert
                                                 Stetler & Rotert Ltd.
                                                 10 S. LaSalle Street
                                                 Suite 2800
                                                 Chicago, Illinois 60603
                                                 (312) 338-0214
                                                 mrotert@sdrlegal.com

## **CERTIFICATE OF SERVICE**

    I, Mark L. Rotert, an attorney, hereby certify that I caused a true and correct copy of the foregoing **Response to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint** to be filed via the Court's CM/ECF Online filing system on this 9th day of May, 2017.

                                                                                   /s/ Mark L. Rotert