THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE S. BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 8112 |
| | ) | |
| v. | ) | Honorable Jorge L. Alonso |
| | ) | Judge Presiding |
| SALEH OBAISI, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

The Defendant, Jacqueline Mitchell, by her attorney, Lisa Madigan, Illinois Attorney General, answers Plaintiff's Third Amended Complaint as follows:

1.     Plaintiff Cleve S. Bradford is an inmate who currently resides at the Western Illinois Correctional Center in Mt. Sterling, IL.

**ANSWER:     Admit.**

2.     At the time of the events complained of herein, Plaintiff was an inmate resident at the Stateville Correctional Center near Joliet, Illinois. Both the Western Illinois Correctional Center and the Stateville Correctional Center are prisons operated by the Illinois Department of Corrections ("IDOC"), an agency of Illinois state government.

**ANSWER:     Admit.**

3.     This law suit seeks just recompense and damages from defendants because of their deliberate indifference to the injuries and resulting pain they negligently inflicted on plaintiff, conduct that deprived plaintiff of his right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

**ANSWER:     Defendant admits this lawsuit seeks damages under the Eighth Amendment, but denies the remaining allegations in paragraph 3 of Plaintiff's Third Amended Complaint.**

4. Defendants first injured plaintiff by unreasonably failing to respond in a timely manner to his written complaint that he was experiencing unbearable pain from a wisdom tooth that was so severely in need of treatment that he could neither eat nor sleep. Although plaintiff submitted his written request for medical assistance on or about December 11, 2014, he was not seen by medical personnel until January 5, 2015.

**ANSWER:** **Defendant admits Plaintiff was seen by medical personnel on January 5, 2015, but Defendant denies the remaining allegations in paragraph 4 of Plaintiff's Third Amended Complaint.**

5. Defendants further injured plaintiff by violently extracting a wisdom tooth from his jaw in a manner that caused him unnecessary pain and that injured his jaw and surrounding tissue.

**ANSWER:** **Deny.**

6. Defendants further injured plaintiff by failing to complete the dental procedure in a manner that would resolve the problem and eliminate plaintiff's pain. As a result, plaintiff suffered torturous nerve and bone pain for weeks after the initial procedure, even as defendants failed to prescribe medications that would reduce or eliminate the pain experienced by plaintiff.

**ANSWER:** **Deny.**

7. Defendants further injured plaintiff by failing to assure that an additional procedure to remove residual pieces of his tooth was conducted in a timely manner, a delay that unnecessarily prolonged plaintiff's suffering.

**ANSWER:** **Deny.**

8. Plaintiff sought to remedy his injuries by filing grievances in the manner specified by the Department of Corrections, but defendants have failed to address his complaints and have attempted to justify their misconduct on the basis of physician schedules.

**ANSWER:** **Deny.**

## PARTIES

9. Cleve S. Bradford, Plaintiff, is an inmate who was remanded to the Illinois Department of Corrections on March 11, 2011. Currently he resides at the Western Illinois Correctional Center. At all times relevant to this Amended Complaint, however, plaintiff was a resident of the Stateville Correctional Center.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was remanded to the Illinois Department of Corrections ("IDOC") on March 11, 2011. Defendant admits to the remaining allegations in paragraph 9 of Plaintiff's Third Amended Complaint.**

10. Saleh Obaisi, M.D., is a physician employed by defendant Wexford Health Sources, Inc. to serve as Director of Medical Affairs and to supervise the provision of medical services to IDOC inmates at Stateville.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of Plaintiff's Third Amended Complaint.**

11. F. A. Craig, D.D.S., is a dentist who, on information and belief, is retained and paid by defendant Wexford Health Sources, Inc. to provide dental care to resident inmates of the Illinois Department of Corrections.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of Plaintiff's Third Amended Complaint.**

12. J. F. Mitchell, D.D.S. is a dentist who, on information and belief, is retained and paid by defendant Wexford Health Sources, Inc. to provide dental care to resident inmates of the Illinois Department of Corrections.

**ANSWER:** **Defendant admits she is a dentist and provides dental care to IDOC inmates, but denies she is retained by Wexford Health Sources, Inc.**

13. Wexford Health Sources, Inc. ("Wexford") is a private, for-profit corporation that has contracted with the State of Illinois to provide medical and dental services to the inmates remanded to the custody of the Illinois Department of Corrections, including inmate residents of the Stateville Correctional Center. At all times relevant to this action, Wexford was under contract with the State of Illinois, through its Department of Corrections, to provide medical and dental services to the inmate residents of IDOC, including the Stateville Correctional Center.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of Plaintiff's Third Amended Complaint.**

## JURISDICTION AND VENUE

14. This action is brought for damages and other appropriate relief pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment rights of Cleve S. Bradford afforded by the United States Constitution. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.
**ANSWER:** **Admit.**

15. Venue is proper because the events complained of occurred while plaintiff resided in this district; the defendants are employed and work in this district; and all events relevant to this action occurred within the Northern District of Illinois, Eastern Division.

**ANSWER:** **Defendant admits venue is proper, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of Plaintiff's Third Amended Complaint.**

## FACTUAL BACKGROUND

16. In mid-December, 2014, while a resident inmate at Stateville Correctional Center, plaintiff began to suffer severe pain in his jaw, accompanied by swollen gums. On December 11, 2014 he submitted a written medical request asking to see a dentist. This request was ignored.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff suffered from jaw pain in mid-December 2014. Defendant denies the remaining allegations in paragraph 16 of Plaintiff's Third Amended Complaint.

17. By December 20, 2014, plaintiff's pain had become worse and the swelling in his jaw and gums had not abated. He filed a second written medical request, seeking medical and dental attention that would alleviate his severe pain.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff's pain had become worse and the swelling in his jaw and gums had not abated. Defendant denies the remaining allegations in paragraph 17 of Plaintiff's Third Amended Complaint.

18. It was not until sixteen (16) days later, on January 5, 2015, that plaintiff finally was brought to a medical unit for evaluation. X-rays taken that day revealed that plaintiff had an impacted wisdom tooth in his lower jaw that was causing him severe pain, pain which only could be resolved if the tooth was extracted. Despite this diagnosis, on this occasion plaintiff was not provided with any form of pain reliever.

**ANSWER:** Defendant admits Plaintiff was seen by a doctor on January 5, 2015, an x-ray was taken, and he was diagnosed with an impacted tooth, but denies the remaining allegations in paragraph 18 of Plaintiff's Third Amended Complaint.

19. Despite the fact that plaintiff had been suffering severe pain for several weeks, and indifferent to the fact that the x-rays showed the need for a prompt extraction of the wisdom tooth, defendants did not schedule the tooth extraction procedure until February 10, 2015, nearly two months after plaintiff first notified the institution that he was in severe pain.

**ANSWER:** Defendant admits Plaintiff was scheduled for a tooth extraction on February 10, 2015, but denies the remaining allegations in paragraph 19 of Plaintiff's Third Amended Complaint.

20. On February 10, 2015 plaintiff was seen by defendant Craig. On that occasion, Dr. Craig extracted part of the wisdom tooth in a thirty (30) minute procedure that was sheer agony for plaintiff. Dr. Craig wrenched the tooth back and forth, causing great pain to plaintiff, and he worked with such disregard for plaintiff's well-being that he caused tears in plaintiff's lips and the corners of his mouth, adding further to the pain and swelling experienced by plaintiff.

**ANSWER:** **Defendant admits Dr. Craig extracted Plaintiff's tooth on February 10, 2015, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of Plaintiff's Third Amended Complaint.**

21. Worse, after inflicting such pain on plaintiff, defendant Craig then announced that he had not extracted the entire wisdom tooth and that a "root tip" from the tooth remained lodged in plaintiff's jaw and was embedded among the nerves in his gums. Rather than complete the extraction, however, defendant Craig told plaintiff the root tip would "work itself out on its own" over time. Defendant Craig then prescribed penicillin and an over-the-counter pain reliever and plaintiff was returned to his cell.

**ANSWER:** **Defendant admits Plaintiff retained roots after the extraction and that Plaintiff was prescribed an antibiotic and a pain reliever, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of Plaintiff's Third Amended Complaint**.

22. Unfortunately, and as defendant Craig must or should have recognized, the wounds left by the tooth extraction and the nerves associated with the root tip immediately began to cause plaintiff to suffer excruciating pain, which was exacerbated by the significant swelling plaintiff experienced in his jaw and gums that was caused by the manner in which defendant Craig performed the extraction procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of Plaintiff's Third Amended Complaint.**

23. In the days following his visit to defendant Dr. Craig, Plaintiff was unable to sleep or eat solid food as a result of the pain and swelling he experienced.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of Plaintiff's Third Amended Complaint.**

24. After plaintiff repeatedly complained about the pain he was enduring, he finally was taken to the Medical Unit at Stateville on the evening of February 13, 2015. A nurse at the unit told plaintiff he was suffering from "dry socket" or alveolar osteitis, a painful condition that can result from the extraction of a wisdom tooth. This nurse provided plaintiff with the same over-the-counter pain medication he had received after the extraction. When plaintiff advised that this medication was not strong enough to control his pain, the nurse replied that she was not authorized to prescribe a more effective pain-reliever.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of Plaintiff's Third Amended Complaint.

25. On February 16, 2015 plaintiff received a visit from his grandmother, who was alarmed to see the weight loss resulting from plaintiff's inability to eat solid food since the tooth was extracted. Plaintiff's gums and jaw remained badly swollen. Plaintiff's grandmother brought her concerns to a correctional officer and plaintiff was brought again to the Medical Unit.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of Plaintiff's Third Amended Complaint.

26. Plaintiff told personnel in the Medical Unit that his pain was unbearable, but they replied that they were not authorized to prescribe anything more effective. Plaintiff then asked a correctional officer to talk with the Medical Director for the institution, defendant Dr. Saleh Obaisi; to describe plaintiff's intense pain and discomfort; and to seek a prescription for an effective pain reliever. The correctional officer consulted with defendant Dr. Obaisi but Dr. Obaisi sent word that no other prescription for pain relief would issue until plaintiff was again examined by a dentist.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of Plaintiff's Third Amended Complaint.

27. As Medical Director for the institution, defendant Dr. Obaisi had a duty to familiarize himself with plaintiff's condition in order to make an appropriate response to plaintiff's request for medical assistance. At the time the matter was brought to Dr. Obaisi's attention, medical records maintained by defendant Wexford Health Sources reflected that for at least six weeks plaintiff had been "report[ing] pain and inflammation" in the affected area. Defendant Dr. Obaisi either knowingly failed to review the plaintiff's medical records after being told that plaintiff was suffering from intense pain, or he deliberately remained indifferent to plaintiff's need for medical care.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of Plaintiff's Third Amended Complaint.

28.     Rather than attempt a medically appropriate response to plaintiff's report of severe pain, defendant Dr. Obaisi refused to examine plaintiff himself and instead he directed that plaintiff must first be seen by a dentist before the issue of his debilitating pain would be addressed. Defendant Dr. Obaisi issued this directive even though plaintiff was seeking relief from pain, and was not requesting more dental work. Although Dr. Obaisi was present in the institution, he made no effort to review x-rays of plaintiff's jaw (which would have revealed the presence of root tips impacting plaintiff's jaw, causing severe nerve pain) or to otherwise investigate the cause for the severe pain and swelling reported by plaintiff. Instead, plaintiff again was provided with the same ineffective pain reliever that he previously had received and was sent back to his housing unit.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of Plaintiff's Third Amended Complaint.**

29.     On February 17, 2015 plaintiff was examined by defendant Dr. Mitchell. Dr. Mitchell's notes from this examination observed that plaintiff "has two retained roots" that were causing him "severe pain." Notwithstanding these findings, Dr. Mitchell prescribed a muscle relaxant and the same over-the-counter pain medication that previously had failed to reduce plaintiff's pain. When plaintiff advised defendant Dr. Mitchell that his pain was severe and that it was not reduced by the medications being provided, defendant Dr. Mitchell told plaintiff he would have to "live with" the pain until such time as the root tips worked their way out of his jaw. At that time Dr. Mitchell did not remove the root tips, nor did she assure that immediate arrangements were made for another dentist to remove the root tips, despite her awareness that plaintiff was experiencing severe pain and swelling. Despite her awareness that plaintiff was suffering intense discomfort, defendant Dr. Mitchell knowingly failed to prescribe effective pain medication to relieve his pain.

**ANSWER:    Defendant admits Plaintiff visited her on February 17, 2015 and she observed Plaintiff retained root tips and prescribed him a muscle relaxant and pain reliever, but denies the remaining allegations in paragraph 29 of Plaintiff's Third Amended Complaint.**

30.     Six more days passed. Plaintiff's swelling had not subsided and he continued to experience debilitating pain that interfered with his sleep and that made it virtually impossible for him to consume anything other than liquids. On February 23, 2015 plaintiff was again taken to see defendant Dr. Mitchell, who prescribed penicillin but who knowingly failed to prescribe an effective pain reliever. Defendant Dr. Mitchell told plaintiff he "soon" would be taken to a dentist outside IDOC.

**ANSWER:    Defendant admits Plaintiff visited her on February 23, 2015 and she prescribed an antibiotic, but denies the remaining allegations in paragraph 30 of Plaintiff's Third Amended Complaint.**

7

31. On February 26, 2015 plaintiff finally was brought to a dentist who was not directly employed by defendant Wexford Health Sources, an oral surgeon located in an office near the Stateville Correctional Center. This dentist promptly paid heed to plaintiff's complaints of pain and swelling. The dentist took x-rays of plaintiff's jaw and then exclaimed, upon reviewing the x-rays and the area of the extraction, that plaintiff jaw and gums "must really hurt." The dentist asked plaintiff what he was doing to manage his pain, and plaintiff replied by naming the over-the-counter pain reliever he had been given. The dentist replied that such a mild pain reliever was insufficient to deal with the type of nerve pain plaintiff was experiencing. The dentist immediately recognized that it was necessary and appropriate to prescribe a stronger pain reliever.

**ANSWER:    Defendant admits Plaintiff visited an outside doctor on February 26, 2015, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of Plaintiff's Third Amended Complaint.**

32. The outside dentist explained to plaintiff that two root tips had been left in the socket of the wisdom tooth, and both were impinging on the nerves in the surrounding gum. The dentist placed plaintiff under anesthesia and performed a procedure to remove the two root tips that were causing such pain and discomfort.

**ANSWER:    Defendant admits the outside doctor removed Plaintiff's retained root tips, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of Plaintiff's Third Amended Complaint.**

33. Plaintiff was forced to endure throbbing pain for not less than sixty (60) days after he filed a written request for medical and dental assistance, during which period he was not provided effective pain relievers to manage that pain. Plaintiff then was forced to endure a harsh and damaging procedure during which a wisdom tooth was violently yanked from his jawbone, leaving behind root tips that continued to cause severe nerve pain. Plaintiff was not provided effective pain relief after that extraction, and instead had to endure not less than sixteen (16) more days of a painful "dry socket" condition and two root tips impinging on the nerves in his gum, causing extreme pain, loss of sleep, and an inability to take nourishment.

**ANSWER:    Deny.**

34. Defendants' delay in treating Plaintiff caused his serious medical condition to be aggravated, causing Plaintiff to endure prolonged periods of chronic, severe pain, as well as loss of weight.

**ANSWER:    Deny.**

35. A panel of expert health care providers, including a dentist, was appointed by the United States Court for this District to evaluate the provision of medical and dental care services by the Illinois Department of Corrections, including provision of health care at the Stateville Correctional Center. The experts conducted their review in 2014, the year plaintiff experienced his severe tooth pain and requested dental assistance. The experts' report to the District Court concluded that dental extractions at Stateville were an "area of concern." It found that "the lag time between the Inmate Request Form for pain and alleviation of pain was unacceptable." It further concluded that "[t]here was no real triage system in place to evaluate urgent care needs, i.e., pain and swelling." As a result, inmates with significant dental pain "often took six to seven days to be seen by a dentist" even though minimally necessary dental practice indicates that such inmates "should be seen within 24-48 hours from the date" they asked for dental care. The panel of experts concluded that a contributing cause of these problems lies in the fact that the existing Policy and Procedure Manual in place at Stateville for the provision of dental care was "not at all adequate."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of Plaintiff's Third Amended Complaint.**

## COUNT I
### Violation of 42 U.S.C. § 1983 Based On Violations of the 8th Amendment
### (All Defendants)

35. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated herein.

**ANSWER:** **Defendant incorporates her answers to paragraphs 1 through 34 of Plaintiff's Third Amended Complaint as her answer to paragraph 35 of Plaintiff's Third Amended Complaint.**

36. The Eighth Amendment of the United States Constitution guarantees a prisoner's right to be free from cruel and unusual punishment.

**ANSWER:** **Admit.**

37. The deliberate indifference to the serious medical needs of a prisoner, including the need to alleviate severe pain, violates a prisoner's right to be free from cruel and unusual punishment.

**ANSWER:** **Deny.**

38. For several weeks plaintiff was forced to endure agonizing pain from a wisdom tooth in need of extraction but, despite his repeated written requests for medical and dental help, defendant Wexford and its agents permitted plaintiff to suffer without relief or medical attention from defendants.

**ANSWER:** **Deny.**

39. When Plaintiff finally was seen by a dentist, defendant Dr. Craig extracted plaintiff's wisdom tooth in a reckless and aggressive manner that was deliberately indifferent to the pain and damage it caused to plaintiff.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of Plaintiff's Third Amended Complaint.**

40. Dr. Craig's extraction was inadequate and insufficient, in that it left two root tips in place, where they caused excruciating pain and extreme swelling in plaintiff's jaw.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of Plaintiff's Third Amended Complaint.**

41. Defendants knew or should have known that plaintiff was in severe pain and that he required medications sufficient to alleviate the pain. Defendant Obaisi knowingly failed to examine plaintiff or prescribe medications sufficient to alleviate his pain. Defendant Mitchell did examine plaintiff and although she noted that he was suffering severe pain, she nevertheless provided only medications that were inadequate to plaintiff's needs. The defendants repeatedly acted with indifference and neglect in response to plaintiff's complaints.

**ANSWER:** **Deny.**

42. Defendants knew or should have known that the root tips left in plaintiff's jaw had to be removed through a dental procedure so as to reduce the pain and swelling that afflicted plaintiff, and that waiting for the root tips to disappear without further intervention only assured that plaintiff would suffer severe pain for an extended period of time. Defendants failed to make timely arrangements for the necessary dental procedure, thereby inflicting avoidable pain and suffering onto plaintiff.

**ANSWER:** **Deny.**

43. As a direct and proximate consequence of Defendants' aforementioned deliberate indifference to Plaintiff's series dental condition, Plaintiff suffered chronic and substantial pain, endured cruel and unusual punishment, and suffers mental anguish in connection with the deprivation of his Constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983.

**ANSWER:** **Deny.**

WHEREFORE, Plaintiff Cleve S. Bradford requests that this Court enter Judgment in his favor and against defendants Dr. F. A. Craig, Dr. J. F. Mitchell, Dr. Saleh Obaisi, and Wexford Health Sources, Inc. for compensatory damages, injunctive relief, reasonable fees and costs, and such other relief as this Court deems just and proper.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief whatsoever.**

## COUNT II
### Eighth and Fourteenth Amendment *Monell* Claim for Deprivation of Civil Rights in Violation
### of 42 U.S.C. § 1983
### (All Defendants)

44. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated herein.

**ANSWER:** Defendant incorporates her answers to paragraphs 1 through 43 of Plaintiff's Third Amended Complaint as her answer to paragraph 44 of Plaintiff's Third Amended Complaint.

45. Defendants Dr. F. A. Craig, Dr. J. F. Mitchell, Dr. Saleh Obaisi, and Wexford Health Sources, Inc. violated Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment through the following express policies and/or widespread practices:

a. Failing to have a system in place so that medical requests of inmates are reviewed promptly by properly trained medical and dental staff and acted upon in a reasonable manner;

b. Failing to provide timely treatment by properly trained medical staff in response to credible medical and dental complaints and requests for treatment;

c. Discouraging or failing to employ adequate testing in response to credible medical and dental complaints and requests for treatment;

d. Depriving inmates of adequate treatment in response to a demonstrated medical or dental need;

e. Disregarding inmates' written requests for medical and dental care, inmates' grievances regarding deprivation of medical and dental care, and failing to take any remedial action;

f. Failing to maintain adequate medical and dental facilities; and

g. Failing to provide inmates with adequate access to medical and dental care.

**ANSWER:** Defendant denies the allegations in paragraph 45 of Plaintiff's Third Amended Complaint, including its subparagraphs a–g.

46. Defendant Wexford Health Sources, Inc. has a policy, practice, or custom of denying or delaying medical and dental treatment to prisoners in an effort to save money. Application of this policy, practice or custom caused the unnecessary suffering experienced by plaintiff during the events alleged in this complaint.

**ANSWER:** Deny.

11

47. Defendant Wexford Health Sources, Inc. has a policy, practice or custom of delaying necessary medical and dental treatment to prisoners because the convenience or scheduling preferences of its medical personnel are given priority over the pressing medical and dental needs of the prisoners they are supposed to serve. Application of this policy, practice or custom caused the unnecessary suffering experienced by plaintiff during the events alleged in this complaint.

**ANSWER:      Deny.**

48. Defendant Wexford Health Sources, Inc. has a policy, practice, or custom of deliberately failing to develop a triage protocol that effectively evaluates complaints of dental pain when lodged by inmates at the Stateville Correctional Center. Application of this policy, practice or custom inflicts unnecessary pain and suffering on inmates who, like the plaintiff, are experiencing urgent care needs, but who are obliged to wait for days or weeks before they are seen by a dental health care provider.

**ANSWER:      Deny.**

49. The aforementioned culture and informal policy of deliberate indifference to serious medical and dental needs has caused and contributed to the deliberate indifference Defendants Dr. F. A. Craig, Dr. J. F. Mitchell, Dr. Saleh Obaisi, and Wexford Health Sources, Inc. exhibited to Plaintiff's serious medical condition, as described above.

**ANSWER:      Deny.**

50. As a direct and proximate consequence of Defendants' aforementioned deliberate indifference to Plaintiff's series dental condition, Plaintiff suffered chronic and substantial pain, endured cruel and unusual punishment, and suffers mental anguish in connection with the deprivation of his Constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983.
**ANSWER:      Deny.**

51. WHEREFORE, Plaintiff Cleve S. Bradford requests that this Court enter Judgment in his favor and against defendants Dr. F. A. Craig, Dr. J. F. Mitchell, Dr. Saleh Obaisi, and Wexford Health Sources, Inc. for compensatory damages, injunctive relief, reasonable fees and costs, and such other relief as this Court deems just and proper.

**ANSWER:      Defendant denies Plaintiff is entitled to any relief whatsoever.**

52. Plaintiff hereby requests a trial by jury.

**ANSWER:      Admit.**

**GENERAL DENIAL**

Defendant denies each and every allegation not specifically admitted.

**JURY DEMAND**

Defendant demands a jury trial on all triable issues.

WHEREFORE, Defendant requests this Court deny the relief requested in Plaintiff's Third Amended Complaint, and for any other relief this Court deems just and proper.

Respectfully submitted,

LISA MADIGAN
Attorney General for Illinois

*/s/ Michael C. Stephenson*
Michael C. Stephenson
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601-3397
(312) 814-4752
MStephenson@atg.state.il.us

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 26, 2017, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Michael C. Stephenson*