**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE S. BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 8112 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| SALEH OBAISI, M.D., F.A. CRAIG, | ) | |
| D.D.S, J.F. MITCHELL, D.D.S, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Cleve S. Bradford has filed a two-count complaint against defendants Dr. Saleh Obaisi,[1] Dr. F.A. Craig, Dr. Mitchell, and Wexford Health Sources, Inc. ("Wexford"), alleging claims of deliberate indifference to a medical need and *Monell* liability. Before the Court is defendants' motion to dismiss plaintiff's Third Amended Complaint [55] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part.

## STATMENT

Plaintiff is an inmate at the Illinois Department of Corrections and was detained at Stateville Correctional Center during the time of the events alleged in his Third Amended Complaint. (Dkt 50-1, ¶ 9.) In December 2014, plaintiff submitted a written request for medical assistance seeking dental treatment for pain around his wisdom tooth. (*Id.* ¶ 16.) In February 2015, one of plaintiff's wisdom teeth was removed but a "root tip" remained embedded in his jaw. (*Id.* ¶¶ 20, 21.) Plaintiff was told that the "root tip" would work itself out on its own over time and was given penicillin and an over-the-counter pain reliever. (*Id.* ¶ 21.) Several days

---

[1] On January 22, 2018, defendants filed a suggestion of death of Saleh Obaisi, M.D. upon the record pursuant to Fed. R. Civ. P. (25)(a)(1) [83].

later, plaintiff was taken to the Stateville Medical Unit where he learned that he suffered from alveolar osteitis—commonly known as "dry socket"—which is a painful condition resulting from the extraction of a wisdom tooth. (*Id.* ¶ 24.) Plaintiff was given the same over-the-counter pain reliever previously prescribed. (*Id.* ¶ 24.)  In late February 2015, plaintiff was taken to see an outside dentist (not associated with Wexford) who removed the root tip.  (*Id.* ¶¶ 31, 32.)

**Count I – Deliberate Indifference**

### *Dr. Obaisi*

On January 22, 2018, Defendants filed a suggestion of death of defendant Saleh Obaisi, M.D. upon the record pursuant to Fed. R. Civ. P. 25(a)(1). Federal Rule of Civil Procedure 25(a) provides: "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Accordingly, the pending motion to dismiss Count I is stricken insofar as it pertains to Dr. Obaisi. Plaintiff is given until April 23, 2018 to file a motion to substitute Dr. Obaisi's legal representative if plaintiff chooses to do so. If plaintiff does not file such a timely motion, the Court will terminate Dr. Obaisi as a party defendant. If plaintiff does file such a motion, he may renew his motion as to Dr. Obaisi.

### *Wexford*

Wexford contends that it must be dismissed from Count I because it cannot be held liable for a § 1983 claim under a theory of *respondeat superior*, citing *Shields v. Ill. Dep't of Corrections*, 746 F.3d 782 (7th Cir. 2014). Plaintiff acknowledges that § 1983 does not provide for *respondeat superior* claims but, nonetheless, objects to Wexford's dismissal. Plaintiff cites

language from the *Shields'* decision where the court noted that a new approach may be needed to determine whether corporations should be insulated from *respondeat superior* liability under § 1983. *See Shields*, 746 F.3d at 789-96. However, the controlling precedent in this circuit dictates that private corporations, such as Wexford, cannot be liable for § 1983 claims under a theory of *respondeat superior*. Accordingly, Wexford is dismissed as a defendant from Count I of the Third Amended Complaint.

**Count II – *Monell* Claim**

Defendants argue that Dr. Obaisi and Dr. Craig must be dismissed from Count II because a *Monell* claim does not extend to individuals. Plaintiff agrees to dismiss them as well as Dr. Mitchell. (*See* dkt 57 at p. 2.) Accordingly, Dr. Obaisi, Dr. Craig, and Dr. Mitchell are dismissed as defendants from Count II.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's Third Amended Complaint [55] is granted in part. Regarding Count I, Wexford is dismissed as a defendant; Plaintiff is given until April 23, 2018 to file a motion to substitute Dr. Obaisi's legal representative if plaintiff chooses to do so; and, plaintiff may proceed against Dr. Craig and Dr. Mitchell. Regarding Count II, Dr. Obaisi, Dr. Craig, and Dr. Mitchell are dismissed as defendants; plaintiff may proceed against Wexford.

**SO ORDERED.**

**ENTERED: February 6, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**