**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE S. BRADFORD, | ) | |
| | ) | No. 16-CV-08112 |
| Plaintiff, | ) | |
| vs. | ) | The Honorable Jorge L. Alonso |
| | ) | |
| GHALIAH OBAISI, as Independent | ) | |
| Executor of the Estate of Saleh Obaisi, M.D., | ) | |
| Deceased, F.A. CRAIG, D.D.S., J.F. | ) | |
| MITCHELL, D.D.S. and WEXFORD | ) | |
| HEALTH SOURCES, INC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND GHALIAH OBAISI'S MOTION TO COMPEL PAYMENT OF EXPERT FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(E)**

NOW COME Defendants, WEXFORD HEALTH SOURCES, INC. and GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased (collectively "Defendants"), by and through their attorneys, BOLLINGER CONNOLLY KRAUSE, LLC, and hereby move for entry of an Order compelling Plaintiff, CLEVE S. BRADFORD, to provide payment for invoices relating to Defendants' expert deposition and in support thereof state as follows:

1. In the instant matter, both Plaintiff and Defendants have engaged experts to provide testimony as to liabity in the subject area of dental care.

2. On December 7, 2018, Defendants disclosed their expert, Dr. Michael Sullivan, to rebut the opinions of Plainitff's expert, Dr. Donald Sauter.

3. Dr. Sullivan's expert report attached as Exhibit 6 to Defendant F.A. CRAIG, D.D.S.'s motion for summary judgment, which is currently pending before the Court.

4. Dr. Sullivan's expert report is Dkt. 151-6 and consists of 15 single-spaced pages

explaining his opinions in this case and the basis for each such opinion.

5. Plaintiff's counsel requested the deposition of Dr. Sullivan, which was completed on March 8, 2019.

6. Following the deposition, Dr. Sullivan issued an invoice for fees relating to the deposition.

7. Pursuant to Federal Rule 26(b)(4)(E), the party seeking discovery <u>must</u> pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A), which states that a party <u>may</u> depose any person who has been identified as an expert whose opinions may be presented at trial (emphasis added).

8. Pursuant to the Rule, on April 18, 2019, the undersigned counsel sent a letter to Plaintiff's counsel requesting payment for Dr. Sullivan's fee relating to the March 8, 2019 deposition. See letter dated April 18, 2019 and invoice, attached as Exhibit 1.

9. On June 12, 2019, Defendants' counsel followed up to inquire as to the status of payment. See email correspondence dated June 12, 2019, attached as Exhibit 2.

10. On June 21, 2019, Plaintiff's counsel informed Defendants' counsel that Plaintiff does not agree to pay the requested fees, citing non-binding case law and arguing, generally, that a manifest injustice would result from requiring Plaintiff to pay the requested fees because of his status as an indigent party. Defendants' counsel outlined their position in response on July 19, 2019. See email correspondence attached as Exhibit 3.

11. Defendants were not informed at any time prior to the deposition that Plaintiff did not intend to comply with Federal Rule 26(b)(4)(E).

12. Defendants assert that there is no such manifest injustice here, where Plaintiff's counsel voluntarily chose to take the deposition of Dr. Sullivan.

13. The deposition of Dr. Sullivan was arguably unenecessary where his report consists of a highly detailed 15-page single spaced explanation of each of his opinions and the basis for those opinions. The detail of his report removes the risk of Plaintiff being ambushed at trial by his opinions and testimony.

14. Moreover, Plaintiff hired its own expert, Dr. Sauter, to provide expert testimony on the same areas as Dr. Sullivan. Therefore, Dr. Sauter could rebut any of Dr. Sullivan's opinions or testimony at trial. In this case, there is no risk that Plaintiff would not be able to properly prepare for cross-examination at trial without Dr. Sullivan's deposition – his detailed report and Plaintiff's own expert on the same subject area would have allowed for sufficient preparation.

15. The cases cited by Plaintiff in the June 21, 2019 email response, though not binding on this Court, support Defendants' position.

16. In *Reed v. Binder,* the New Jersey Court stated that the expert depositions taken were necessary because the defendant's expert report did not meet the disclosure requirements, thereby not providing the plaintiff with an ample opportunity to prepare for the expert's trial testimony. 165 F.R.D. 424, 427-28 (D.N.J. 1996). Again, Dr. Sullivan's report was sufficiently detailed to avoid such a risk.

17. In *Harris v. San Jose Mercury News, Inc.*, the California Court ultimately only relieved the plaintiff of the costs associated with deposing two of the five defense experts because the plaintiff did not have an expert to testify on the two subject areas of their expertise. 235 F.R.D. 471, 473-474 (N.D. Cal. 2006). Although the plaintiff's experts could rebut the testimony of the other three defense experts, the plaintiff needed the depositions of the other two defense experts in order to sufficiently prepare for cross-examination at trial. *Id.* Again, this is not an issue here where Plaintiff has his own expert, Dr. Sullivan, to rebut any opinions or testimony of Dr. Sullivan

at trial because both experts are within the same subject area of expertise.

19. It would be manifestly unjust for Plaintiff's counsel to request an arguably unnecessary deposition without informing Defendants that they did not intend to reimburse Dr. Sullivan pursunt to the Rule, and then leave Defendants to fund the cost of the requested discovery.

19. Upon information and belief, Plaintiff's counsel has the ability to request reimbursement of certain expenses under Local Rule 83.4, but Defendants do not know if any such relief has been requested by Plaintiff's counsel in connection with Dr. Sullivan's deposition.

20. The parties have been unable to reach an agreement.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC. and GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased, respectfully request that this Court grant Defendants' motion and enter an order requiring Plaintiff or his counsel to issue payment for Dr. Sullivan's outstanding invoice in the amount of $3,746.23 within 7 days of this motion being heard, and for any other relief that this Court deems proper.

        Respectfully Submitted,
        WEXFORD HEALTH SOURCES, INC. and
        GHALIAH OBAISI, as Independent Executor of
        the Estate of SALEH OBAISI, M.D., Deceased

        By   /s/   Samantha J. Yozze
        Attorney for Defendants

Robert S. Tengesdal (#6288650)
Samantha J. Yozze (#6314326)
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street, Suite 2430
Chicago, IL 60661
(312) 253-6200

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 19, 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF. All of the participants in the case are registered CM/EFC users and will be served by the CM/EFC system.

                                            By:   /s/   Samantha J. Yozze